IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **CARL MOSS, Inmate #B18364,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | |
| ) | **CIVIL NO. 04-570-MJR** |
| **DARRELL M. WESTERMAN, ANDREW** ) | |
| **N. WILSON, MICHAEL R. LOCKE, and** ) | |
| **EUGENE McADORY,** ) | |
| ) | |
| **Defendants.** ) | |

**MEMORANDUM AND ORDER**

**REAGAN, District Judge:**

Plaintiff, an inmate in the Menard Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Plaintiff previously was granted leave to proceed *in forma pauperis*, and he has tendered his initial partial filing fee as ordered.

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> > (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> > (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A. An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Upon careful review of the complaint and any

supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; this action is legally frivolous and thus subject to summary dismissal.

*Factual Allegations*

Plaintiff states that on July 25, 2003, as he was walking to the Menard law library carrying some of his legal papers, he was accosted by Defendant Westerman who grabbed the envelope containing Plaintiff's legal papers. The papers began to spill out of the envelope and Plaintiff grabbed them so they would not fall on the ground. Defendant Westerman told Plaintiff the type of envelope Plaintiff was carrying was not authorized. Plaintiff attempted to show Defendant Westerman a copy of a Menard procedural bulletin that authorized, or so Plaintiff thought, the carrying of legal paperwork in that type of envelope. Despite Plaintiff's protestations, Defendant Westerman told him to "cuff up" and escorted him back to his cell. Shortly thereafter, Plaintiff was taken to punitive segregation.

Four days later on July 29, 2003, at a disciplinary hearing regarding the incident, Plaintiff was found guilty of violating the envelope rule and of insolence. The finding was based on Defendant Westerman's statement that Plaintiff grabbed at the envelope when Defendant Westerman took it from him. He was punished with one month in segregation, one month C grade, and one month loss of commissary privileges. Plaintiff states that as soon as he received notice of the charges against him (at some point between the incident and the hearing) he immediately filled out witness request forms. At the hearing, however, Defendant Wilson told Plaintiff that he had not received any witness requests slips. Plaintiff had made copies of the forms and brought them to the hearing. He asked for a continuance so that his witnesses might be called. Plaintiff does not state specifically that the request was denied, but states that a week after the hearing he received the

disciplinary committee's report and it indicated that "no witnesses requested." Plaintiff denies that he grabbed the envelope and that he was insolent with Defendant Westerman.

### *Legal Standards*

When a plaintiff brings an action under § 1983 for procedural due process violations, he must show that the state deprived him of a constitutionally protected interest in "life, liberty, or property" without due process of law. *Zinermon v. Burch*, 494 U.S. 113, 125 (1990). The process due will not be evaluated by the Court until a plaintiff has made such a showing. *See Lekas v. Briley*, 405 F.3d 602, 607 (7th Cir. 2005). An inmate has a due process liberty interest in being in the general prison population only if the conditions of his or her confinement impose "atypical and significant hardship...in relation to the ordinary incidents of prison life." Plaintiff here submits a lengthy memorandum in which attempts to show that the conditions in segregation at Menard constitute an atypical and significant hardship. However, the Seventh Circuit Court of Appeals has adopted an extremely stringent interpretation of *Sandin*. In this Circuit, a prisoner in disciplinary segregation at a state prison has a liberty interest in remaining in the general prison population only if the conditions under which he or she is confined are substantially more restrictive than administrative segregation at the most secure prison in that state. *Wagner v. Hanks*, 128 F.3d 1173, 1175 (7th Cir. 1997). If the inmate is housed at the most restrictive prison in the state, he or she must show that disciplinary segregation there is substantially more restrictive than administrative segregation at that prison. *Id.* In the view of the Seventh Circuit Court of Appeals, after *Sandin* "the right to litigate disciplinary confinements has become vanishingly small." *Id.* Indeed, "when the entire sanction is confinement in disciplinary segregation for a period that does not exceed the remaining term of the prisoner's incarceration, it is difficult to see how after *Sandin* it can be made the basis of a suit

complaining about a deprivation of liberty." *Id.*

In the case currently before the Court plaintiff sent to disciplinary segregation for one month. Nothing in the complaint or exhibits suggests that the conditions that the plaintiff had or has to endure while in disciplinary, are substantially more restrictive than administrative segregation in the most secure prison in the State of Illinois. Therefore, plaintiff's due process claim is without merit.

Plaintiff was also disciplined with demotion to C-grade and denied commissary privileges for one month. These allegations also do not present a viable constitutional claim. *See, e.g., Thomas v. Ramos,* 130 F.3d 754, 762 n.8 (7th Cir. 1997) (and cases cited therein) (no protected liberty interest in demotion to C-grade status and loss of commissary privileges). As such, Plaintiff has failed to state a claim of constitutional magnitude.

In summary, Plaintiff's complaint does not survive review under § 1915A. Accordingly, this action is **DISMISSED** with prejudice. Plaintiff is advised that the dismissal of this action will count as one of his three allotted "strikes" under the provisions of 28 U.S.C. § 1915(g).

**IT IS SO ORDERED.**

**DATED this 20th day of June, 2006.**

                                      **s/ Michael J. Reagan**
                                      **MICHAEL J. REAGAN**
                                      **United States District Judge**