IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **CARL MOSS, Inmate #B18364,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) |
| | ) **CIVIL NO. 04-570-MJR** |
| **DARRELL N. WESTERMAN, ANDREW** | ) |
| **N. WILSON, MICHAEL R. LOCKE, and** | ) |
| **EUGENE McADORY,** | ) |
| | ) |
| **Defendants.** | ) |

**MEMORANDUM AND ORDER**

**REAGAN, District Judge:**

Currently pending before the Court is Plaintiff's motion for reconsideration of the Court's order dismissing the action (Doc. 20). Technically, a "Motion to Reconsider" does not exist under the Federal Rules of Civil Procedure. The Seventh Circuit has held, however, that a motion challenging the merits of a district court order will automatically be considered as having been filed pursuant to Rule 59(e) or Rule 60(b) of the Federal Rules of Civil Procedure. *See, e.g., Mares v. Busby*, 34 F.3d 533, 535 (7th Cir. 1994); *United States v. Deutsch,* 981 F.2d 299, 300 (7th Cir. 1992). As noted in *Deutsch*, "in cases where it is unclear whether a motion challenging a judgment on the merits is made under Rule 59(e) or Rule 60(b)," the date of service will determine how the motion will be treated. Thus, "'if the motion is served within ten days of the rendition of judgment, the motion falls under Rule 59(e); if it is served after that time, it falls under Rule 60(b).'" *Id.* (citations omitted).

Judgment was entered in this action on June 20, 2006, and the instant motion was filed on

July 5, 2006, outside of the 10-day window. However, Plaintiff avers that he placed the motion in the institutional mail system on June 30, 2006. Giving Plaintiff the benefit of the doubt as to time for mailing, the Court finds that Plaintiff did file the motion within the 10-day period. *See* FED.R.CIV.P. 59(e). Therefore, under *Deutsch*, the Court will construe the motion as a motion to alter or amend judgment, filed pursuant to Rule 59(e), which may only be granted if a movant shows there was mistake of law or fact or presents newly discovered evidence that could not have been discovered previously. *Matter of Prince*, 85 F.3d 314 (7th Cir. 1996), *reh'g and suggestion for reh'g en banc denied, cert. denied* 117 S.Ct. 608; *Deutsch v. Burlington Northern R. Co.*, 983 F.2d 741 (7th Cir. 1993). As explained below, the motion to reconsider is **GRANTED**.

### DISCIPLINARY HEARING AND PROCEDURES

Plaintiff spends a great deal of space arguing that the rule he was found guilty of violating was impossible to interpret because of its confusing language and that he was, in fact, not guilty of violating the rule. He further argues that prison officials did not follow a number of known procedures in putting him in segregation and in his subsequent disciplinary hearing. Among these violated procedures were that the adjustment committee failed to call witnesses, they failed to properly evaluate the evidence, that the citing officer lied in his disciplinary report, and that Plaintiff was taken to segregation right after the alleged offense occurred instead of later, as is the usual procedure at Menard. All of these alleged procedural irregularities state, at best, a claim of the denial of due process. None of them are constitutional violations in and of themselves.

As explained in the Court's order, unless a plaintiff can show he was deprived of a liberty interest, the Court will not go on to evaluate the procedures used to find him guilty. That means that the Court will not evaluate the true "guilt" or "innocence" of a prisoner in a prison disciplinary

hearing, or any irregularities in placing him in segregation, or in the course of the disciplinary hearing, unless that prisoner has first shown the Court that he was deprived of a liberty interest. *See Zinermon v. Burch*, 494 U.S. 113, 125 (1990). After Plaintiff was found guilty of the charges, he was disciplined with time in segregation, demotion to "C" grade, and loss of commissary privileges. As stated in the Court's order, none of these deprivations state a liberty interest under the Due Process clause. Without deprivation of a liberty interest, Plaintiff has not stated a due process claim.[1] Accordingly, the Court's determination that Plaintiff has not stated a due process claim, which includes any review of his guilt or innocence of the charges against him and all procedures used prior to and during the disciplinary hearing, was correct as a matter of law. As such, this claim was properly dismissed from the action pursuant to 28 U.S.C. § 1915A.

Upon reconsideration, the Court also finds that Plaintiff attempted to state a due process claim regarding the ineffective grievance procedure at Menard. However, "a state's inmate grievance procedures do not give rise to a liberty interest protected by the due process clause." *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1995). The Constitution requires no procedure at all, and the failure of state prison officials to follow their own procedures does not, of itself, violate the Constitution. *Maust v. Headley,* 959 F.2d 644, 648 (7th Cir. 1992); *Shango v. Jurich*, 681 F.2d 1091 (7th Cir. 1982). Accordingly, Plaintiff has also failed to state a claim under these facts.

### RETALIATION

However, Plaintiff has stated a claim worthy of reconsideration under the rule that he was

---

[1] Plaintiff cites repeatedly *Monell v. Dep't of Soc. Serv.*, 436 U.S. 658 (1978), however *Monell* applies specifically to local entities **that are not arms of the state**. Therefore the arguments regarding policy or custom at Menard Correctional Center, a state institution, are inapplicable here.

retaliated against by Defendant Westerman for filing grievances. In its initial review of the complaint, the Court failed to note this claim, but upon reconsideration the Court finds that Plaintiff has made sufficient factual allegations to sustain a claim of retaliation past threshold review pursuant to 28 U.S.C. § 1915A. Plaintiff stated that after he was stopped by Defendant Westerman, Plaintiff stated, "as you wish sir, Lieutenant Westerman." This angered Defendant Westerman. Later, as Plaintiff was being processed into segregation, Defendant Westerman stated, "this will teach him to write a grievance about me." Plaintiff states that Defendant Westerman retaliated against him by fabricating facts described in the disciplinary report and citing Plaintiff for insolence, when Plaintiff, throughout the episode leading to charges, was not insolent.

Prison officials may not retaliate against inmates for filing grievances or otherwise complaining about their conditions of confinement. *See, e.g., Walker v. Thompson*, 288 F.3d 1005 (7th Cir. 2002); *DeWalt v. Carter*, 224 F.3d 607 (7th Cir. 2000); *Babcock v. White*, 102 F.3d 267 (7th Cir. 1996); *Cain v. Lane*, 857 F.2d 1139 (7th Cir. 1988). Furthermore, "[a]ll that need be specified is the bare minimum facts necessary to put the defendant on notice of the claim so that he can file an answer." *Higgs v. Carver*, 286 F.3d 437, 439 (7th Cir. 2002). Naming the suit and the act of retaliation is all that is necessary to state a claim of improper retaliation. *Id.*

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion to reconsider the Court's order (Doc. 20) is **GRANTED**.

**IT IS FURTHER ORDERED** that the order dismissing this case is **VACATED**.

**IT IS FURTHER ORDERED** that the Clerk shall **REOPEN** this case.

Plaintiff is allowed proceed against Defendant Westerman on his claim of improper

retaliation. Plaintiff's due process claims and Defendants Wilson, Locke, and McAdory are **DISMISSED** from the action.[2]

The Clerk is **DIRECTED** to prepare Form 1A (Notice of Lawsuit and Request for Waiver of Service of Summons) and Form 1B (Waiver of Service of Summons) for *Defendant Westerman*. The Clerk shall forward those forms, USM-285 forms submitted by Plaintiff, and sufficient copies of the complaint to the United States Marshal for service.

The United States Marshal is **DIRECTED**, pursuant to Rule 4(c)(2) of the Federal Rules of Civil Procedure, to serve process on *Defendant Westerman* in the manner specified by Rule 4(d)(2) of the Federal Rules of Civil Procedure. Process in this case shall consist of the complaint, applicable forms 1A and 1B, and this Memorandum and Order. For purposes of computing the passage of time under Rule 4(d)(2), the Court and all parties will compute time as of the date it is mailed by the Marshal, as noted on the USM-285 form.

With respect to former employees of Illinois Department of Corrections who no longer can be found at the work address provided by Plaintiff, the Department of Corrections shall furnish the Marshal with the Defendant's last-known address upon issuance of a court order which states that the information shall be used only for purposes of effectuating service (or for proof of service, should a dispute arise) and any documentation of the address shall be retained only by the Marshal. Address information obtained from I.D.O.C. pursuant to this order shall not be maintained in the court file, nor disclosed by the Marshal.

---

[2]All claims against Defendant Wilson and Locke have been dismissed, therefore they are dismissed as Defendants. Plaintiff has not stated how Defendant McAdory was personally responsible for depriving Plaintiff of a constitutional right, as required under 42 U.S.C. § 1983. "The doctrine of respondeat superior does not apply to § 1983 actions; thus to be held individually liable, a defendant must be 'personally responsible for the deprivation of a constitutional right.' " *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001), *quoting Chavez v. Ill. State Police*, 251 F.3d 612, 651 (7th Cir. 2001).

The United States Marshal shall file returned waivers of service as well as any requests for waivers of service that are returned as undelivered as soon as they are received. If a waiver of service is not returned by a defendant within **THIRTY (30) DAYS** from the date of mailing the request for waiver, the United States Marshal shall:

- Request that the Clerk prepare a summons for that defendant who has not yet returned a waiver of service; the Clerk shall then prepare such summons as requested.

- Personally serve process and a copy of this Order upon the defendant pursuant to Rule 4 of the Federal Rules of Civil Procedure and 28 U.S.C. § 566(c).

- Within ten days after personal service is effected, the United States Marshal shall file the return of service for the defendant, along with evidence of any attempts to secure a waiver of service of process and of the costs subsequently incurred in effecting service on said defendant. Said costs shall be enumerated on the USM-285 form and shall include the costs incurred by the Marshal's office for photocopying additional copies of the summons and complaint and for preparing new USM-285 forms, if required. Costs of service will be taxed against the personally served defendant in accordance with the provisions of Federal Rule of Civil Procedure 4(d)(2) unless the defendant shows good cause for such failure.

Plaintiff is **ORDERED** to serve upon defendant or, if appearance has been entered by counsel, upon that attorney, a copy of every further pleading or other document submitted for consideration by this Court. He shall include with the original paper to be filed with the Clerk of the Court a certificate stating the date that a true and correct copy of any document was mailed to defendant or his counsel. Any paper received by a district judge or magistrate judge which has not been filed with the Clerk or which fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint, and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this cause is **REFERRED** to a United States Magistrate

Judge for further pre-trial proceedings.

Further, this entire matter is hereby **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Plaintiff is under a continuing obligation to keep the Clerk and each opposing party informed of any change in his whereabouts.  This shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs.

**IT IS SO ORDERED.**

**DATED this 24th day of July, 2006.**

>                            s/ Michael J. Reagan
>                            **MICHAEL J. REAGAN**
>                            **United States District Judge**