IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CARL MOSS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )   Civil Case No.   04-570-MJR-PMF |
| | ) |
| DARRELL N. WESTERMAN, | ) |
| | ) |
| Defendant. | ) |

## REPORT AND RECOMMENDATION

**FRAZIER, Magistrate Judge:**

Before the Court is a motion to dismiss filed by defendant Westerman (Doc. No. 26). In this civil rights action, plaintiff challenges the conditions of his confinement at Menard Correctional Center, asserting a retaliation claim against defendant Westerman. Westerman seeks dismissal pursuant to Rule 12(b)(6), which permits dismissal when the allegations in a pleading fail to state a claim upon which relief could be granted.

The first step in evaluating the sufficiency of a pleading is to give pro se allegations a liberal interpretation, accept as true all well-pleaded facts, and draw all inferences in favor of the plaintiff. If, so viewed, the allegations put the defendants on notice that plaintiff is asserting a retaliation claim, and his allegations do not rule out the possibility that the defendants violated the applicable legal standard, the pleading cannot be dismissed. That is, dismissal is proper only if it is "beyond doubt" that plaintiff could prove no set facts consistent with his complaint that would entitle him to relief. *Nance v. Vieregge*, 147 F.3d 589, 590 (7th Cir. 1998).

Plaintiff alleges that defendant Westerman took various retaliatory steps after plaintiff questioned Westerman's interpretation of a new policy regarding inmate legal materials and verbally

expressed his willingness to grieve his concerns. The alleged facts place Westerman on notice that plaintiff is asserting a retaliation claim based on his exercise of his First Amendment rights. Westerman was advised of this interpretation when Judge Reagan ordered a response (Doc. No. 21). An act performed in retaliation for the exercise of a constitutionally protected right will subject the actor to liability even where the act, if taken for a different reason, would have been proper. *Buise v. Hudkins*, 584 F.2d 223, 229 (7th Cir. 1978). The pleading standard is not high. "All that need be specified is the bare minimum facts necessary to put the defendant on notice of the claim so that he can file an answer." *Higgs v. Carver*, 286 F.3d 437, 439 (7th Cir. 2002).

Westerman argues that plaintiff has not alleged protected speech or activity. Prison officials may not retaliate against inmates for filing grievances or otherwise complaining about the conditions of their confinement. *See, e.g., Walker v. Thompson*, 288 F.3d 1005 (7th Cir. 2002); *DeWalt v. Carter*, 224 F.3d 607 (7th Cir. 2000); *Babcock v. White*, 102 F.3d 267 (7th Cir. 1996). Westerman is represented by counsel, who may prepare and file a properly supported Rule 56 motion if the facts, construed in plaintiff's favor, could not support a finding that plaintiff engaged in protected speech or conduct.

IT IS RECOMMENDED that defendant Westerman's motion to dismiss (Doc. No. 26) be DENIED.

SUBMITTED:   March 16, 2007  .

*s/Philip M. Frazier*  
**PHILIP M. FRAZIER**  
**UNITED STATES MAGISTRATE JUDGE**
