# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CARL MOSS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Civil Case No. 04-570-MJR-PMF |
| ) | |
| DARRELL N. WESTERMAN, ) | |
| ) | |
| Defendant. ) | |

## REPORT AND RECOMMENDATION

**FRAZIER, Magistrate Judge:**

This case is before the Court on dispositive motions. Plaintiff filed this § 1983 action for damages and other relief, claiming that the defendant's retaliatory conduct violated the First Amendment. Pending at this time are cross motions for summary judgment on a qualified immunity defense (Doc. Nos. 38, 39) and a defense motion for summary judgment on the merits (Doc. No. 45).

Summary judgment is proper where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56©; *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). The facts presented are construed in the light most favorable to the non-moving party and all reasonable and justifiable inferences are drawn in favor of that party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). To survive a summary judgment motion, the opposing party must set forth specific facts showing that there is a genuine issue for trial. *Vanasco v. Nat'l-Louis Univ.*, 137 F.3d 962, 965 (7th Cir.1998).

An act performed in retaliation for the exercise of a constitutionally protected right will subject the actor to liability even where the act, if taken for a different reason, would have been proper. *Buise v. Hudkins*, 584 F.2d 223, 229 (7th Cir. 1978). A claim of retaliation succeeds upon proof that constitutionally protected conduct was a motivating factor for the defendant's offensive behavior. *Babcock v. White*, 102 F.3d 267, 275 (7th Cir. 1996). Prison officials may not retaliate against inmates for filing grievances or otherwise complaining about their conditions of confinement. *Walker v. Thompson*, 288 F.3d 1005 (7th Cir. 2002); *DeWalt v. Carter*, 224 F.3d 607 (7th Cir. 2000).

Plaintiff was an inmate at Menard Correctional Center in 2003. In June, 2003, the warden established a policy restricting the manner in which inmates could carry items to and from the library. On July 25, 2003, plaintiff was carrying some legal work to the prison law library in a plain white envelope. Defendant Westerman took the envelope from plaintiff and emptied the contents. A copy of the warden's policy was one of the items plaintiff was carrying. He spoke with Westerman and expressed concern regarding the manner in which the policy was being enforced. Specifically, plaintiff said, "I beg your pardon, sir. This memo from the warden, dated just the other day, dated 6-20-03, states that I'm allowed to have this envelope." Westerman responded "I run this shit. If you don't like it, write a grievance." When plaintiff politely expressed his willingness to do so, Westerman directed another officer to apply handcuffs and escort plaintiff back to his cell. Later, Westerman escorted plaintiff to the prison's segregation unit. In the segregation unit, Westerman made this remark to another staff member: "This will teach him to write a grievance about me." Although plaintiff did not violate any prison rules, Westerman filed false charges accusing plaintiff of misconduct. As a result of the false charge, plaintiff was segregated from other inmates for one month. Plaintiff subsequently sent correspondence to the prison's legal liaison,

expressing concern about defendant Westerman's actions.

## I. Speech on a Matter of Public Concern

Westerman seeks judgment in his favor on the basis that plaintiff's claim fails as a matter of law. He suggests that plaintiff prepared a grievance regarding a private disciplinary incident, which would not qualify as speech regarding a matter of public concern. This argument overlooks important evidence, as well as plaintiff's First Amendment right to complain about the conditions of his confinement. A jury could reasonably find from the evidence that Westerman's reaction to plaintiff's speech violates the First Amendment. Plaintiff's effort to inform Westerman that a prison policy regarding inmates carrying legal materials to the library was not being properly implemented could certainly qualify as protected speech. *Pearson v. Welborn*, 471 F.3d 732, 740 (7th Cir. 2006)(complaint about use of shackles in group therapy deserve protection). Furthermore, a jury might also conclude that Westerman violated the petition for redress of grievances clause of the First Amendment. The evidence could support a finding that Westerman responded because plaintiff expressed his willingness to pursue a formal grievance. A jury could conclude that plaintiff's grievance was protected even though Westernan reacted before plaintiff had an opportunity to reduce his grievance to writing. *Id*. at 741.

## II. Timing of Grievance

Westerman also seeks judgment in his favor on the basis that the evidence shows that his retaliatory conduct occurred before plaintiff actually submitted a formal grievance. Westerman believes the order of events is crucial. Westerman's position is not supported by legal authority and conflicts with the *Pearson* decision, which establishes that a written grievance is not an element of proof. The merit of this argument has not been demonstrated.

### III. Lack of Physical Injury

Westerman also seeks judgment in his favor on the basis that plaintiff's request for compensatory damages is barred by 42 U.S.C. § 1997e(e). Absent a showing of physical injury, 42 U.S.C. § 1997e(e) bars a prisoner from recovering compensatory damages for mental and emotional injury. It does not bar the lawsuit altogether. *Cassidy v. Ind. Dept. of Corrections*, 199 F.3d 374, 376-77 (7th Cir. 2000). A First Amendment deprivation is a cognizable injury that will support an award of nominal and punitive damages. *Calhoun v. DeTella*, 319 F.3d 936, 941 (7th Cir. 2003).

The materials do not suggest that plaintiff suffered physical injury as a result of Westerman's retaliatory conduct. However, judgment in Westerman's favor is unwarranted, as plaintiff has requested relief other than compensatory damages (Doc. No. 13).

### IV. Qualified Immunity

The parties have filed cross motions for summary judgment with respect to the affirmative defense of qualified immunity (Doc. Nos. 38, 39). As plaintiff points out in his response, the qualified immunity defense was rejected at the pleading stage (Doc. No. 34).

The Court first considers whether Westerman's conduct violated a Constitutional right, taking the facts in the light most favorable to plaintiff. If so, the Court considers whether the right was clearly established in the light of the specific context of the case. *Saucier v. Katz*, 533 U.S. 194, 201 (2001).

The Court is satisfied that plaintiff has a First Amendment right to be free from retaliation for complaining about and/or seeking relief regarding conditions of confinement and that this right was well-established in the prison context in July, 2003. *Babcock v. White*, 102 F.3d 267, 276 (7th Cir. 1996). Judgment should enter in plaintiff's favor on the affirmative defense.

## V. Conclusion

IT IS RECOMMENDED that plaintiff's motion for summary judgment on the qualified immunity defense (Doc. No. 38) be GRANTED and that defendant's cross motion (Doc. No. 39) be DENIED.

IT IS FURTHER RECOMMENDED that defendant's motion for summary judgment (Doc. No. 45) be DENIED. If these recommendations are adopted, the Final Pretrial Order will reflect the finding that § 1997e(e) bars recovery of compensatory damages.

**SUBMITTED:** <u>December 11, 2007</u>.

*s/Philip M. Frazier*
**PHILIP M. FRAZIER**
**UNITED STATES MAGISTRATE JUDGE**
