# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CARL MOSS,<br>  a/k/a Mosetick,<br><br>    Plaintiff,<br><br>vs.<br><br>DARRELL N. WESTERMAN,<br><br>    Defendants. | Case No. 04-cv-0570-MJR |

## MEMORANDUM AND ORDER

**REAGAN, District Judge:**

### I. FACTS AND PROCEDURAL HISTORY

On August 16, 2004, Plaintiff, Carl Moss, filed suit against Defendants, Darrell N. Westerman, Andrew N. Wilson, Michael R. Locke and Eugene McAdory, pursuant to 42 U.S.C. § 1983. Defendants, Wilson, Locke and McAdory, were dismissed on threshold review on July 24, 2006. Moss's only remaining claim is that Westerman retaliated against him, in violation of the First Amendment, after he questioned Westerman's interpretation of a new policy regarding inmate legal materials and expressed a willingness to grieve his concerns. The parties filed cross motions for summary judgment on a qualified immunity defense (Docs. 38, 39), and Westerman filed a motion for summary judgment on the merits (Doc. 45). The motions were referred to Magistrate Judge Philip M. Frazier, who submitted a Report and Recommendation on December 11, 2007. Both Moss and Westerman have filed timely objections.

In Moss's amended complaint, he alleges that, while he was incarcerated at the Menard Correctional Center, Warden McAdory established a policy regarding the procedure for

1

carrying paperwork to the library. Moss was carrying his paperwork to the library in a plain white envelope when Westerman took it from him and emptied the contents. A copy of the warden's policy was one of the items in the envelope. Moss attempted to show it to Westerman and gain clarification of the policy. Westerman responded, "I run this, if you don't like it, write a grievance." Moss replied, "As you wish, sir." Taking note of the officer's name tag for the grievance, Moss added, "Lieutenant Westerman."

Westerman then ordered Moss to cuff-up and directed another correctional officer to escort him back to his cell. A few minutes later, Westerman came to Moss's cell, again ordered him to cuff-up and escorted him to the prison's segregation unit. In the segregation unit, Westerman remarked, "This will teach him to write a grievance about me." Although Moss violated no prison rules, Westerman filed false charges, accusing Moss of misconduct. As a result of the false charge, Moss was segregated from other inmates for one month. Subsequently, Moss sent correspondence to the prison's legal liaison expressing his concerns about Westerman's actions.

Based upon these allegations, Moss brings his Complaint, pursuant to **42 U.S.C. §1983**, for retaliation against his exercise of his constitutional rights against Defendant Westerman. Moss seeks compensatory damages and other relief, including expungement of all charges from his record and transfer to the medium security prison of his choice.

In Magistrate Judge Frazier's Report, he recommends that Moss's motion for summary judgment on the qualified immunity defense be granted and that defendant's cross motion be denied. He further recommends that Westerman's motion for summary judgment be denied. If these recommendations are adopted, the Final Pretrial Order will reflect the finding that 42 U.S.C. § 1997e(e) bars recovery of compensatory damages. Moss objects to four statements of fact in the

recommendation and requests a review of his claim for injunctive relief to prevent future abuses and deprivations by Westerman. Westerman objects to the recommendation on the following grounds: 1) Moss's speech cannot be considered to qualify as a matter of public concern; 2) the timing of the filing of Moss's grievance is crucial; 3) summary judgment should be entered as to Moss's claims for compensatory damages; and 4) Westerman's conduct was protected by qualified immunity.

## II. ANALYSIS

Because timely objections were filed, this Court must review *de novo* those portions of the Report to which specific objections have been made. **28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b); Local Rule 73.1(b);** *Govas v. Chalmers***, 965 F.2d 298, 301 (7th Cir. 1992).** In this case, each recommendation has resulted in an objection. The Court may accept, reject, or modify the recommended decisions, or recommit the matter to the Magistrate Judge with instructions. **Fed. R. Civ. P. 72(b); Local Rule 73.1(b);** *Willis v. Caterpillar, Inc.***, 199 F.3d 902, 904 (7th Cir. 1999).**

Summary judgment is proper if the pleadings, depositions, interrogatory answers, admissions and affidavits reveal that there is no genuine issue as to any material fact *and* that the moving party is entitled to judgment as a matter of law. *Vukadinovich v. Board of Sch. Trs. of North Newton Sch. Corp.***, 278 F.3d 693, 698-99 (7th Cir. 2002).**

The mere existence of an alleged factual dispute is not sufficient to defeat a summary judgment motion. *Anderson v. Liberty Lobby***, 477 U.S. 242, 247 (1986);** *Salvadori v. Franklin Sch. Dist.***, 293 F.3d 989, 996 (7th Cir. 2002)**. Rather, to successfully oppose summary judgment, the nonmovant must present definite, competent evidence or affirmative defenses in rebuttal. *Vukadinovich***, 278 F.3d at 699**.

3

"A complaint states a claim for retaliation when it sets forth 'a chronology of events from which retaliation may plausibly be inferred.'" ***Zimmerman v. Tribble,* 226 F.3d 568, 573 (7th Cir. 2000) (quoting *Cain v. Lane*, 857 F.2d 1139, 1143 n. 6 (7th Cir. 1988); *Murphy v. Lane*, 833 F.2d 106, 108-09 (7th Cir. 1987) (Plaintiff's complaint "set forth a chronology of events from which retaliatory animus on the part of defendants could arguably be inferred")**. Prison officials may not retaliate against inmates for filing grievances. *See Walker v. Thompson*, 288 F.3d 1005 (7th Cir. 2002); *DeWalt v. Carter*, 224 F.3d 607 (7th Cir. 2000); *Babcock v. White*, 102 F.3d 267 (7th Cir 1996); *Cain v. Lane*, 857 F.2d 1139 (7th Cir. 1988)**. The Court now considers Moss's complaint within these guidelines.

**A.     Moss's Objections**

Moss objects to certain statements of fact in the Report and seeks to correct them, as follows:  1) Westerman ordered Moss to cuff-up rather than ordering another guard to place him in chains; 2) Westerman's statement, "This will teach him to write a grievance about me" was only presumed to have been made to another staff member since Moss could not see who was on the other side of the door; 3) the statement that Moss was segregated from other inmates for one month does not encompass the deprivations and "negative sentence inhancements" [sic] that resulted from Westerman's retaliation; and 4) Moss sent several letters to the prison's legal liaison regarding Westerman's threats and abusive behavior after this suit was filed but not concerning events central to this suit.

Although the Court appreciates Moss's desire to maintain an accurate record of events, none of the statements which he challenges impact the ultimate resolution of this action. The Court must liberally construe a pro se plaintiff's complaint, and the alleged factual errors in the

4

Report are either a matter of this construction or are harmless in that they do not change the outcome of the Court's analysis.

Moss claims that the Report should have addressed the issue of injunctive relief. However, Moss's dispositive motion was limited to Westerman's claim of qualified immunity. The issue of injunctive relief was not raised and, therefore, was not argued by Westerman or addressed by the Magistrate Judge. The Court cannot address issues that are not properly before it.

Accordingly, for the foregoing reasons, the Court will reject Moss's objections.

### B. Westerman's Objections

Westerman contends that Moss's speech cannot be considered to qualify as a matter of public concern but was, rather, a "personal gripe." The Court cannot agree with this characterization of the events at issue. Moss's request for clarification of the warden's policy on what items an inmate could take to the library and how they could be carried was more than an isolated request. It was related to an issue that affected all of the prisoners who had library time and, viewed in the light most favorable to Moss, was intended to clarify the policy for these prisoners. *See Pearson v. Welborn,* **471 F.3d 732, 740 (7th Cir. 2006) (prisoner's complaints were not personal gripes but were related to issues affecting all J-pod prisoners and were designed to effect a change in prison policy)**. As evidence that the policy was not clear, the Court notes Moss's assertions that the policy had already been amended and that Westerman confiscated white envelopes from other prisoners in the line who were waiting to go to the library.

A jury could also reasonably conclude that Westerman violated Moss's First Amendment rights to freedom of speech and for redress of grievances. "[A]s a general proposition . . . a prisoner's grievances about prison conditions are protected[.] *Id*. (**citing *Walker v. Thompson*,**

5

**288 F.3d 1005, 1007, 1009 (7th Cir. 2002)**; *Hasan v. U.S. Dept. of Labor* **400 F.3d 1001, 1005 (7th Cir. 2005) ("Prisoners' grievances, unless frivolous, . . . concerning the conditions in which they are being confined are deemed petitions for redress of grievances and thus are protected by the First Amendment.")**. For these reasons, the Court rejects Westerman's first objection.

Westerman contends that the timing of the filing of Moss's grievance is crucial. He asserts that Westerman invited Moss to file a grievance regarding his interpretation of the rules and that the ensuing disciplinary ticket was for Moss's insolent behavior. The Court agrees with Judge Frazier's finding that this argument is not supported by legal authority and conflicts with the *Pearson* decision, which establishes that a written grievance is not an element of proof. *Pearson,* **471 F.3d at 740**. Moreover, summary judgment is improper where a material issue involves any weighing of conflicting indications of motive and intent. *Carr v. Whittenburg,* **462 F.Supp.2d 925, 928-29 (S.D.Ill. 2006)**. All such credibility determinations are for the trier of fact. *Id*. For these reasons, the Court rejects Westerman's second objection.

Westerman contends that summary judgment should be entered as to Moss's claims for compensatory damages. Westerman states that he seeks to bar Moss from seeking compensatory damages should a trial become necessary. The Court is at a loss to understand why Westerman makes this argument. The Report clearly states that Moss suffered no physical injury as a result of Westerman's retaliatory conduct, and, therefore, under **42 U.S.C. § 1997e(e)**, he is barred from recovering compensatory damages for mental and emotional injury. The Report goes on to state that, if these recommendations are adopted, the Final Pretrial Order will reflect the finding that recovery of compensatory damages is barred under **§ 1997e(e)**.

In the context of First Amendment claims, the Seventh Circuit has held explicitly

that prisoners need not allege a physical injury to recover damages because the deprivation of the constitutional right is itself a cognizable injury, regardless of any resulting mental or emotional injury. *Calhoun v. DeTella*, **319 F.3d 936, 940-41 (7th Cir. 2003)**. While **§ 1997e(e)** bars recovery "for mental and emotional injury," it leaves unaffected claims for nominal and punitive damages, which seek to remedy a different type of injury. *Id*.

Westerman offers no authority for his contention that summary judgment should be entered in piecemeal fashion where Moss has requested relief other than compensatory damages. Accordingly, summary judgment as to this issue is improper, and the Court rejects Westerman's third objection.

Westerman contends that his conduct was protected by qualified immunity because there is no existing case law that would put him on notice that giving an inmate a ticket for insolent behavior would violate the inmate's First Amendment rights.

As set forth above, summary judgment is improper where a material issue involves any weighing of conflicting indications of motive and intent. *Carr,* **462 F.Supp.2d at 928-29**. Westerman's argument requires the Court to decide that the ticket was given for insolent behavior rather than in retaliation for the protected act of filing or threatening to file a grievance. This is a determination for the trier of fact rather than a matter for summary judgment. Accordingly, the Court rejects Westerman's fourth objection.

### III. ORDER AND CURRENT STATUS OF THE CASE

For the reasons indicated above, the Court **ADOPTS** in its entirety Judge Frazier's December 11, 2007 Report and Recommendation (Doc. 50). The result of the Court's adoption is that the Court hereby **GRANTS** Moss's motion for summary judgment on the qualified immunity

7

defense (Doc. 38), **DENIES** Westerman's cross motion (Doc. 39) and **DENIES** Westerman's motion for summary judgment (Doc. 45). The Final Pretrial Order shall reflect the finding that **§ 1997e(e)** bars recovery of compensatory damages. This matter may now be set for final pretrial conference before Magistrate Judge Frazier and certified for trial.

**IT IS SO ORDERED.**

**DATED this 9th day of January, 2008**

**s/Michael J. Reagan**
**MICHAEL J. REAGAN**
**United States Dist rict Judge**