# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CARL MOSS,<br>  a/k/a Mosetick,<br><br>    Plaintiff,<br><br>vs.<br><br>DARRELL N. WESTERMAN,<br><br>    Defendants. | Case No. 04-cv-0570-MJR |

## MEMORANDUM AND ORDER

**REAGAN, District Judge:**

### I. Factual and Procedural Background

In August, 2004, Carl Moss, an inmate currently confined at the Danville Correctional Center in Danville, Illinois, and at all times relevant to the instant action confined at Menard Correctional Center in Menard, Illinois, filed a **42 U.S.C. § 1983** civil rights complaint.

In Moss's amended complaint, filed June 1, 2005, he alleges that Warden McAdory established a policy regarding the procedure for carrying paperwork to the library. Moss was carrying his paperwork to the library in a plain white envelope when Westerman took it from him and emptied the contents. A copy of the warden's policy was one of the items in the envelope. Moss attempted to show it to Westerman and gain clarification of the policy. Westerman responded, "I run this, if you don't like it, write a grievance." Moss replied, "As you wish, sir." Taking note of the officer's name tag for the grievance, Moss added, "Lieutenant Westerman."

Westerman then ordered Moss to cuff-up and directed another correctional officer to escort him back to his cell. A few minutes later, Westerman came to Moss's cell, again ordered him to cuff-up and escorted him to the prison's segregation unit. In the segregation unit, Westerman

remarked, "This will teach him to write a grievance about me." Moss violated no prison rules, but Westerman filed false charges, accusing him of insolence and violation of rules.[1] As a result of the false charges, Moss was segregated from other inmates for one month, demoted to "C" grade for one month and lost commissary privileges for one month. Doc. 13, Exhibit G.

Moss moves the Court to reconsider its June 20, 2006 Order dismissing his procedural due process claims (Doc. 62). However, the June 20th Order was previously vacated on reconsideration (Doc. 20) by the Court's July 24, 2006 Order (Doc. 21). The Court will construe Moss's motion as seeking reconsideration of its July 24th Order.

## II. Applicable Legal Standard

The Federal Rules of Civil Procedure do not specifically authorize the filing of motions to reconsider. Such motions are filed routinely, however, and they are construed either as Rule 59(e) motions to alter/amend or Rule 60(b) motions for relief from judgment/order.

The Seventh Circuit has delineated a bright-line test to determine which Rule governs. If the motion to reconsider was filed within ten days of entry of the challenged judgment or order, then Rule 59(e) applies. On the other hand, if the motion to reconsider was filed *more than* ten days after entry of the challenged judgment or order, Rule 60(b) applies. ***See Britton v. Swift Transp. Co., Inc.*, 127 F.3d 616, 618 (7th Cir. 1997); *Russell v. Delco Remy Division of General Motors* Corp., 51 F.3d 746, 750 (7th Cir. 1995); *United States v. Deutsch*, 981 F.2d 299, 301 (7th Cir. 1992).** This Court follows **FEDERAL RULE OF CIVIL PROCEDURE 6(a)** in calculating the ten-day period (*i.e.*, counting the ten days to exclude weekends and holidays).

---

[1] The violation of rules charge was deleted because the specific rule was not outlined in the disciplinary report. Doc. 13, Exhibit A.

Here, Moss's motion seeking reconsideration was filed more than ten days after the Court's July 24th Order, so Rule 60(b) governs. Rule 60(b) permits a district court to relieve a party from an order or judgment on the following narrow grounds: mistake, inadvertence, surprise, excusable neglect, newly discovered evidence, fraud, or "any other reason justifying relief" from operation of the judgment or order.

A Rule 60(b) motion cannot be used to correct simple legal errors. "Rather, it exists to allow courts to overturn decisions where 'special circumstances' justify an 'extraordinary remedy.'" ***Cash v. Illinois Div. of Mental Health*, 209 F.3d 695, 698 (7th Cir. 2000)**. The Seventh Circuit has emphasized that Rule 60(b) imposes an "exacting standard" under which the movant must demonstrate exceptional circumstances to prevail. ***See Romo v. Gulf Stream Coach*, 250 F.3d 1119, 1121 n.3 (7th Cir. 2001).**

### III. <u>Analysis</u>

Moss's motion reveals no mistake, inadvertence, surprise, excusable negect, newly discovered evidence or fraud and, thus, can only fall under the catch-all phrase of "any other reason justifying relief." Upon review of the records and the parties' submissions on the instant matter, the Court finds no "special circumstances" that would justify an "extraordinary remedy."

In its June 20th Order, upon threshold review, the Court dismissed Moss's case, finding that Moss could not state a due process claim because his transfer to segregation did not deprive him of a liberty interest protected by the Constitution. Moss filed a motion for reconsideration, which the Court granted on July 24, 2006 (Doc. 21). The Court construed Moss's amended complaint as stating three claims for relief: 1) a procedural due process claim attacking his disciplinary hearing; 2) a procedural due process claim regarding the ineffective grievance procedure

3

at Menard; and 3) a First Amendment retaliation claim. The Court determined that the due process claims lacked merit and dismissed them.

As explained in the Court's Order, unless a plaintiff can show that he was deprived of a liberty interest, the Court will not evaluate the procedures used to find him guilty. In other words, procedural irregularities, such as whether the adjustment committee failed to call witnesses and failed to properly evaluate the evidence, and whether the citing officer lied, do not, in and of themselves, constitute a due process claim. A plaintiff must first show that he was deprived of a liberty interest. ***Zinermon v. Burch*, 494 U.S. 113, 125 (1990)**. The Court found that the deprivations set forth above, *i.e.*, one month in segregation, demotion to "C" grade for one month and loss of commissary privileges for one month, did not rise to the level of stating a liberty interest under the Due Process clause.

The United States Supreme Court's decision in ***Wilkinson v. Austin*, 545 U.S. 209 (2005)**, cited by Moss, is not to the contrary. *Wilkinson* was a class action filed by inmates who alleged violations of their procedural due process rights in connection with their assignment to the Ohio super maximum ("supermax") prison. ***Id*. at 213-20**. In evaluating the inmates' due process claims, the Court restated the traditional rule that "the Constitution itself does not give rise to a liberty interest in avoiding transfer to more adverse conditions of confinement." ***Id*. at 221-22 (citing *Meachum v. Fano*, 427 U.S. 215, 225 (1976) ("no liberty interest arising from Due Process Clause itself in transfer from low- to maximum-security prison because '[c]onfinement in any of the State's institutions is within the normal limits or range of custody which the conviction has authorized the State to impose'")**. Moreover, rather than expressly or impliedly overruling the standard set forth in ***Sandin v. Conner*, 515 U.S. 472 (1995)**, the Court relied on it

4

in holding that transfer to the Ohio supermax prison "impose[d] an atypical and significant hardship under any plausible baseline" because "[conditions] at [the prison] are more restrictive than any other form of incarceration in Ohio." *Id.* **at 223**.

Unlike the instant case, in *Wilkinson*, plaintiffs were transferred for an indefinite period, and placement was reviewed only annually after an initial 30-day review; placement disqualified plaintiffs from parole consideration when they became otherwise eligible; and plaintiffs had almost no human contact, since even cell-to-cell conversation was prevented by solid doors with metal strips along their sides and bottoms. *Id.* **at 214-15**. Moss was transferred for only one month; his parole eligibility was unaffected; and, rather than being deprived of human contact, he had a cell mate. He may have considered the cell mate, a leader of Menard's contingent of the Latin Kings, undesirable, but there is nothing in the record to indicate that he suffered any hardship thereby.

*Wilkinson* distinguished but did not overrule *Wagner v. Hanks*, **128 F.3d 1173 (7th Cir. 1997)**, the case relied upon by the Court in its July 24th Order. In *Wagner*, the Seventh Circuit decided that the baseline test for determining atypical and significant hardship is the segregation conditions in the most secure prison in the state. **128 F.3d at 1175 ("[Plaintiff] must lose unless the conditions of disciplinary segregation ... are substantially more restrictive than even those in the state's Level V prisons .... [U]nder *Sandin* the key comparison is between disciplinary segregation and nondisciplinary segregation rather than between disciplinary segregation and the general prison population.")**. Even where an inmate is held in disciplinary segregation well beyond thirty days, which was the segregation period in both *Sandin* and the instant case, the Seventh Circuit was "convinced that it did not result in an atypical and significant deprivation because the conditions [the inmate] experienced did not "greatly exceed[ ] what one could expect

5

from prison life generally." *Thomas v. Ramos,* 130 F.3d 754, 762 (7th Cir. 1997) (citations omitted).

The Court also recognizes that elevated restrictions in the segregation unit are needed for security reasons, and the Seventh Circuit has found that these specific restrictions do not impose an atypical or significant hardship. *See id.* **at 760 (an inmate's confinement in disciplinary segregation for seventy days where the inmate was not permitted to take any classes, use the gym, work at an assignment, earn wages, have access to a "day" room or take programs offered to inmates in the general population and protective custody did not impose an atypical or significant hardship);** *Higgason v. Farley***, 83 F.3d 807, 809 (7th Cir. 1995)(an inmate's confinement in disciplinary segregation where he experienced frequent lockdowns, restricted access to the law library, denial of educational opportunities, and loss of social and rehabilitative activities did not impose an atypical or significant hardship); and** *Williams v. Ramos***, 71 F.3d 1246, 1248-1249 (7th Cir. 1995) (a segregated inmate's "catalogue of harms," which included being locked in a closed-front cell 24 hours per day, being handcuffed when permitted to leave his cell for showers, medical care, or exercise, being restricted from activities available to other inmates, and having only limited contact with staff and other inmates, did not greatly exceed what one could expect from prison life).**

Finally, Moss has no protectible interest in his demotion to "C" grade and his loss of commissary privileges. *See Thomas***, 130 F.3d at 762 (citing** *Moore v. Pemberton***, 110 F.3d 22, 23 (7th Cir.1997) (two weeks denial of commissary privileges does not implicate liberty interest);** *Madison v. Parker***, 104 F.3d 765, 768 (5th Cir.1997) (30 days denial of commissary does not create a liberty interest);** *Whitford v. Boglino***, 63 F.3d 527, 533 n. 7 (7th Cir.1995)**

6

**(demotion to C-grade for six months does not implicate federal due process rights).**

None of the deprivations cited by Moss exceed the segregation conditions in the most secure prison in the state such that they result in atypical and significant deprivation of constitutional rights. Because Moss's discipline did not include the deprivation of a liberty interest, his due process claims lack merit and were properly dismissed.

In sum, the Court finds no special circumstances that would justify an extraordinary remedy and permit the Court to relieve Moss from its July 24th Order.

### IV. Conclusion

For the foregoing reasons, the Court **DENIES** Moss's motion to reconsider (Doc. 62).

**IT IS SO ORDERED.**

**DATED this 12th day of March, 2008**

> s/Michael J. Reagan  
> **MICHAEL J. REAGAN**  
> **United States District Judge**