# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

CARL MOSS,                              )
                                        )
                    Plaintiff,          )     Case No. 04-CV-0570-MJR
                                        )
vs.                                     )
                                        )
DARRELL N. WESTERMAN,                   )
                                        )
                    Defendant.          )

## <u>MEMORANDUM AND ORDER</u>

**REAGAN, District Judge:**

The Court has reviewed Plaintiff Carl Moss's first and second motions *in limine*, (Docs. 85, 86) and opposing briefs. The Court's analysis of Plaintiff's motions begins with these general principles.

The purpose of a motion in limine is to allow the trial court to rule on the relevance and admissibility of evidence before it is offered at trial. ***See Luce v. United States,* 469 U.S. 38, 41, n.4 (1984)("Although the Federal Rules of Evidence do not explicitly authorize *in limine* rulings, the practice has developed pursuant to the district court's inherent authority to manage the course of trials."); Fed. R. Evid. 104(a)("Preliminary questions concerning the qualification of a person to be a witness ... or the admissibility of evidence shall be determined by the court....").**

Although found neither in the Federal Rules of Civil Procedure nor in the Federal Rules of Evidence, ***Deghand v. Wal-Mart Stores, Inc.,* 980 F. Supp. 1176, 1179 (D. Kan. 1997),** motions in limine aid the trial process "by enabling the Court to rule in advance of trial on the relevance of certain forecasted evidence, as to issues that are definitely set for trial, without lengthy argument at, or interruption of, the trial." ***Palmieri v. Defaria,* 88 F.3d 136, 141 (2d Cir. 1996).**

Motions in limine also may save the parties time, effort and cost in preparing and presenting their cases. *Pivot Point Intern., Inc. v. Charlene Products, Inc.,* **932 F. Supp. 220, 222 (N.D. Ill. 1996).** Often, however, the better practice is to wait until trial to rule on objections, particularly when admissibility substantially depends upon facts which may be developed there. *See Sperberg v. Goodyear Tire & Rubber Co.,* **519 F.2d 708, 712 (6th Cir.),** *cert. denied,* **423 U.S. 987 (1975).**

The movant has the burden of demonstrating that the evidence is inadmissible on any relevant ground, "for any purpose." *Plair v. E.J. Brach & Sons, Inc.,* **864 F. Supp. 67, 69 (N.D. Ill. 1994).** The court may deny a motion in limine when it "lacks the necessary specificity with respect to the evidence to be excluded." *Nat'l Union Fire Ins. Co. of Pittsburgh v. L.E. Myers Co. Group,* **937 F. Supp. 276, 287 (S.D.N.Y. 1996).** Moreover, the court may alter an *in limine* ruling based on developments at trial or sound judicial discretion. *Luce,* **469 U.S. at 41**.

"Denial of a motion *in limine* does not necessarily mean that all evidence contemplated by the motion will be admitted at trial." *Hawthorne Partners v. AT&T Tech., Inc.,* **831 F. Supp. 1398, 1401 (N.D. Ill. 1993).** Denial only means that the court cannot decide admissibility outside the context of trial. *Plair,* **864 F. Supp. at 69**.

Clearly, a court may reserve judgment until trial so that the motion in limine is placed "in an appropriate factual context." *Nat'l Union,* **937 F. Supp. at 287.** Stated another way, motion *in limine* rulings are "subject to change when the case unfolds" at trial. *Luce,* **469 U.S. at 41.** Indeed, "even if nothing unexpected happens at trial, the district judge is free, in the exercise of sound judicial discretion, to alter a previous in limine ruling." *Id.*

Applying these principles to Plaintiff's motions, the Court rules as follows.

**Plaintiff's First Motion in Limine**

Plaintiff seeks a pre-trial order "precluding Defendants, their attorneys and all trial

witnesses, from making reference to, directly or indirectly ... Plaintiff's current incarceration, and Plaintiff' convictions...." Defendant voices no objection to the motion except to note the necessity of explaining the events giving rise to Plaintiff's claims while incarcerated and "except to the extent permitted by Fed. Rule Evid. 609."

In pertinent part, Fed. Rule Evid 609 provides:

**(a) General rule**.--For the purpose of attacking the character for truthfulness of a witness,

**(1)** evidence that a witness other than an accused has been convicted of a crime shall be admitted, subject to Rule 403, if the crime was punishable by death or imprisonment in excess of one year under the law under which the witness was convicted, and evidence that an accused has been convicted of such a crime shall be admitted if the court determines that the probative value of admitting this evidence outweighs its prejudicial effect to the accused; and

**(2)** evidence that any witness has been convicted of a crime shall be admitted regardless of the punishment, if it readily can be determined that establishing the elements of the crime required proof or admission of an act of dishonesty or false statement by the witness.

The Court finds that, under FED. R. EVID. 403, the probative value of the specific crime for which Plaintiff was incarcerated, aggravated criminal sexual assault of a victim under the age of 13, as well as the details surrounding it, are substantially outweighed by the danger of unfair prejudice to Plaintiff. Should Plaintiff testify, his credibility may be attacked under FED. R. EVID. 609(a)1 by eliciting that he has been convicted of a crime punishable by a term of imprisonment in excess of one year. Accordingly, the Court **GRANTS in part and DENIES in part** Plaintiff's First Motion in Limine (Doc. 85).

**Plaintiff's Second Motion in Limine**

Plaintiff seeks a pre-trial order "precluding Defendants, their attorneys, and all trial witnesses, from making any reference to, directly or indirectly ... Plaintiff's conduct violations and/or disciplinary history while incarcerated." Defendants do not oppose Plaintiff's motion except

to note the necessity of introducing evidence and eliciting testimony regarding the conduct and events at issue, which occurred on July 25, 2003, and Plaintiff's subsequent statements regarding the incident in question.

The Court **GRANTS in part and RESERVES in part** Plaintiff's Second Motion in Limine (Doc. 86). The motion is granted as to conduct violations and/or disciplinary violations unrelated to July 25, 2003. As to the incident of July 25, 2003, the admissibility of this evidence substantially depends upon the facts developed at trial and the laying of an appropriate foundation; thus, a ruling at this juncture would be premature. In the event that defense counsel believes an appropriate foundation has been laid, or Plaintiff has "opened the door," a sidebar should be requested.

All pending motions have been resolved, and all motion deadlines have expired. Proposed jury instructions are to be submitted in the undersigned District Judge's chambers (attention: law clerk Carole) by **4:00 P. M. on Wednesday, September 3, 2008**. Counsel should carefully follow the detailed instructions on Judge Reagan's web page as to how the proposed jury instructions should be prepared, clipped, marked, etc. Trial will proceed at **9:00 A. M. on Monday, September 8, 2008**.

**IT IS SO ORDERED.**

**DATED this 3rd day of September, 2008**

**s/Michael J. Reagan**
**MICHAEL J. REAGAN**
**United States District Judge**