# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| CARL MOSS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 04-cv-0570-MJR |
| | ) | |
| DARRELL WESTERMAN, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

**REAGAN, District Judge:**

### I. Introduction and Background

On August 16, 2004, Plaintiff, Carl Moss, filed suit against Defendants, Darrell N. Westerman, Andrew N. Wilson, Michael R. Locke and Eugene McAdory, pursuant to 42 U.S.C. § 1983. Defendants, Wilson, Locke and McAdory, were dismissed on threshold review on July 24, 2006.

A jury trial began on September 8, 2008. At that time, Moss's sole surviving claim was that Westerman retaliated against him, in violation of the First Amendment, after he questioned Westerman's interpretation of a new policy regarding inmate legal materials and expressed a willingness to grieve his concerns. Trial culminated in a September 9th verdict in favor of Moss and against Westerman for nominal damages in the amount of $1.00 (Doc. 115). The same day, the Court entered judgment on the verdict (Doc. 118).

Moss moved "to set aside the award judgment" on October 8, 2008 (Doc. 142). For the reasons set forth below, the Court **DENIES** Moss's motion.

### II. Analysis

The Court must first resolve the confusion regarding under which Federal Rule of

Civil Procedure Moss proceeds. Moss did not specify a particular Rule in his motion, and Westerman, in his response, assumed that Moss filed his motion under Federal Rule of Civil Procedure 59(a) to set aside the decision of the jury. In Moss's reply, he asserts that Westerman's assumption is incorrect and that he relies on Rule 62(b) to stay the jury's award pending the Court's determination of "misrepresentation" by appointed counsel and on Rule 62(c) to enjoin Westerman from moving him back to Menard prison for any reason.

Rule 62(b) provides for a stay pending the disposition of a motion, as follows:

> On appropriate terms for the opposing party's security, the court may stay the execution of a judgment - or any proceedings to enforce it - pending disposition of any of the following motions:
>
> (1) under Rule 50, for judgment as a matter of law;
>
> (2) under Rule 52(b), to amend the findings or for additional findings;
>
> (3) under Rule 59, for a new trial or to alter or amend a judgment; or
>
> (4) under Rule 60, for relief from a judgment or order. **FED. R. CIV. P. 62(b)**.

Moss cannot proceed under Rule 62(b) because it does not provide independently for a stay of judgment but rather provides for a stay pending disposition of one of the listed motions. Moreover, Moss cannot proceed under Rule 62(c) because Rule 62(c) provides for an injunction "while an appeal is pending from an interlocutory order or final judgment that grants, dissolves, or denies an injunction." **FED. R. CIV. P. 62(c)**. In the current proceeding, there is no appeal pending, and the final judgment did not grant, dissolve or deny an injunction. For these reasons, having carefully reviewed Moss's motion and reply, the Court concludes that his motion is appropriately construed as brought under Rule 59, for a new trial or to alter or amend a judgment.

**FEDERAL RULE OF CIVIL PROCEDURE 59(a)** provides that in any action where there

has been a jury trial, a new trial may be granted "for any of the reasons for which new trials have heretofore been granted in actions at law in the courts of the United States." That language has been interpreted to mean that a district court may grant a new trial only where "(1) the verdict is against the weight of the evidence, (2) is either excessive or inadequate, (3) where probative evidence is newly discovered, (4) where conduct by the court, counsel or the jury improperly influences the deliberative process, or (5) if for any other reasons the trial was not fair to the moving party." *Pickett v. Detella,* **163 F.Supp.2d 999, 1002 (N.D.Ill. 2001) (citing** *Emmel v. Coca-Cola Bottling Co.***, 95 F.3d 627, 636 (7th Cir. 1996);** *Tapia v. City of Greenwood***, 965 F.2d 336, 338 (7th Cir.1992))**.

>The law of this Circuit holds:
>
>A new trial may be granted only if the verdict is against the clear weight of the evidence.... **"[W]e will not set aside a jury verdict if a reasonable basis exists in the record to support that verdict...."** The evidence must be viewed in the light most favorable to the prevailing party, and issues of credibility and weight of evidence are within the purview of the jury.

*Carter v. Chicago Police Officers***, 165 F.3d 1071, 1079 (7th Cir. 1998) (emphasis added).** *Accord Cefalu v. Village of Elk Grove***, 211 F.3d 416, 424 (7th Cir. 2000).**

The grounds enumerated by Moss in support of his new trial motion may be summarized as follows: (1) disagreements with appointed counsel over trial strategy; (2) error by the Court in refusing to answer the question posed in the jury's note; (3) error in dismissing other Defendants prior to trial; (4) the Illinois Department of Correction's ("IDOC") refusal to allow him to shave prior to trial; and (5) the IDOC's refusal to provide his thyroid medication for the week before trial. Moss seeks to set aside the jury's award and also seeks injunctive relief in the form of a Court order barring the IDOC from transferring him to Menard prison "for any future writ need

pursuant to this cause."

Moss argues that the trial was flawed because his court-appointed counsel "misrepresented" him by refusing to follow his well-planned offense, by failing to discuss his demands with him before presenting them to the jury in closing argument and by acting in opposition to Moss's written words. To determine whether attorney misconduct justifies a new trial, the Court considers whether or not "the trial was ... fair to the party moving." **Wiedemann v. Galiano, 722 F.2d 335, 337 (7th Cir. 1983) (citations omitted)**. To obtain a new trial on attorney misconduct grounds, Moss must show both that misconduct occurred and that it prejudiced his case. **See Whiting v. Westray, 294 F.3d 943, 944 (7th Cir. 2002) (citing *Brandt v. Vulcan, Inc*., 30 F.3d 752, 758 (7th Cir. 1994); *Wiedemann,* 722 F.2d at 337)**.

Neither the fact that Moss's counsels' strategy differed from what Moss himself would have done nor the fact that Moss did not achieve his preferred outcome shows either misconduct or prejudice. The representation provided by Moss's counsel was of a very high quality and reflected conscientious and thorough preparation. That the jury entered a verdict in Moss's favor is further evidence of his counsels' able performance. Because the Court finds neither misconduct nor prejudice, it will deny Moss's motion as to his first ground.

Moss contends that the Court erred in refusing to tell the jury, in response to their note, that he had paid all fees and costs. Moss asserts that the fact that the jury asked that question indicates that it was under the impression that Moss sought money rather than justice. Westerman responds that the Court was correct in refusing to provide that information because the jury should not concern itself with who will pay a verdict but only on setting the correct amount of damages. Westerman also contends that to tell the jury that Moss had to bear these costs would not have

properly answered their question because, if Moss prevailed, he could seek costs from Westerman under 42 U.S.C. § 1983.

The Court's response to the jury's note was both procedurally and substantively correct. The Court allowed counsel to respond to the note before resolving the question and communicated its answer to the jury in open court. **See United States v. Degraffenried, 339 F.3d 576, 580 (7th Cir. 2003) (citing *Rogers v. United States*, 422 U.S. 35, 39 (1975))**. Furthermore, it would have been error for the Court to state that Moss had paid the fees and costs where Moss could recover those expenses if the jury found in his favor. That this was the correct response was ultimately borne out: Moss prevailed and recovered fees and costs allowable under § 1983. Because the Court responded appropriately to the jury note, Moss's motion as to his second ground will be denied.

Moss contends that the Court should not have dismissed Defendants Wilson and Locke from this action because Wilson's testimony "is in direct conflict with the Prison Litigation Reform Act, as well as many federal court decisions." According to Moss, his counsel did not share the depositions of Westerman and Wilson with him which prevented him from impeaching both Defendants. Westerman responds that decisions regarding other Defendants do not justify setting aside the verdict against him.

Defendants Wilson and Locke were dismissed as Defendants in this action on July 24, 2006, because all claims against them had been dismissed. More than two years passed between the dismissal of these Defendants and trial of this matter. It is far too late for Moss to assert that Wilson and Locke should not have been dismissed, nor does Moss state any basis for reinstating these Defendants other than Wilson as an impeachment witness - which is insufficient to state a

claim against Wilson. Moreover, nothing prevented Moss from calling Wilson as a witness in the trial of Westerman. Westerman is correct in asserting that decisions regarding Defendants Wilson and Locke cannot justify setting aside the verdict against him. For these reasons, the Court will deny Moss's motion as to his third ground.

Moss contends that Westerman, through various agents, refused to allow him to make himself presentable for the Court and the jury by denying him the opportunity to shave for over a month prior to trial. He also argues that he was in a "mental fugue state" because the IDOC had denied him his thyroid medication for the week before the trial. Westerman responds that these issues were raised at trial and that all parties agreed to proceed. Moss concedes that the issue of thyroid medication was raised but he contends that the Court merely admonished the parties that if he continued the case "it will be until 2010 before I hear it."

Both of these issues were raised at trial, and Moss had the opportunity to seek a continuance and to accept a delay of his trial. A continuance was the only remedy available to the Court to resolve these issues. However, Moss agreed to proceed, and his objections have been waived. ***See, e.g., Walters v. Central States Coca-Cola Bottling Co., 2001 WL 1263680, 2 (N.D.Ill. 2001)***. For these reasons, the Court will deny Moss's motion as to his fourth and fifth grounds.

Lastly, Moss seeks an injunction barring the IDOC from transferring him to Menard where he says that he has been subjected to, *inter alia*, violation of the Prisoner Litigation Reform Act, overt and covert retaliation, Eighth Amendment violations, being used as a pawn in staff-promoted gang and racial conflicts, and capricious placement in segregation.

Westerman responds that the IDOC is not a part of this case. He argues that the Court may only enter an injunction if there is an ongoing violation of federal law and that Moss has

no federally-protected interest in avoiding transfer to any prison in the Illinois system.

As this Court has previously stated in this matter, an inmate has no liberty interest in confinement in a particular institution. ***Olim v. Wakinekona,* 461 U.S. 238, 244-45 (1983) (citing *Meachum v. Fano,* 427 U.S. 215 (1976) ("Confinement in any of the State's institutions is within the normal limits or range of custody which the conviction has authorized the State to impose.")**. Where Moss is housed is solely within the discretion of the IDOC. ***See, e. g., Shango v. Jurich*, 681 F.2d 1091, 1100-01 (7th Cir. 1982) (Illinois statutes and prison regulations do not limit the discretion of prison officials who may transfer an inmate to another prison "for any reason or for no reason at all.")**. For this reason, the Court will deny Moss's motion for injunctive relief.

### III. Conclusion

For the above-stated reasons, the Court **DENIES** Plaintiff Carl Moss's motion to set aside judgment (Doc. 142).

**IT IS SO ORDERED.**

**DATED this 17th day of December, 2008**

                                            **s/Michael J. Reagan**
                                            **MICHAEL J. REAGAN**
                                            **United States District Judge**